Charles M. Wright, Esq. Village Attorney, Schoharie
You have asked whether an individual who was recently elected to the office of town board member and took office on January 1, 1988 may continue holding the position of village trustee until his term expires on March 1, 1988.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We have found that the positions of member of a town board and member of a village board of trustees are incompatible (1980 Op Atty Gen [Inf] 119, 158). We based this finding on the fact that under section 277
of the Highway Law, in the preparation of the town budget the town board must annually determine whether real property in the village may be exempted from taxes for certain highway purposes (see, Highway Law, § 141 [3], [4]). While this balancing of interests of the village and the town will occur only once a year, it is inevitable and substantial. The town budgetary process consumes considerable time and the impact of the town board's decision upon the taxes of the village and the town can be substantial.
In our view, this individual may serve out his term as village trustee. The town budgetary process does not take place until the fall. Therefore this individual will not be faced with the conflict of interests referred to in our opinion, because at the time of the town budgetary deliberations he will no longer serve as village trustee.
We conclude that a recently elected member of a town board may serve out his term as village trustee in that he will not serve in both positions during the town budgetary process.